**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

AUTOMATED PRODUCTION SYSTEMS, CORPORATION,

Plaintiff,

Civil No. 01-773 ADM/AJB

v.

**ORDER**

FACTORY SYSTEMS ENGINEERING, INC. and DARIN L. VARNER,

Defendants.

---

The above matter came before the Court on defense counsel's motion to withdraw as counsel for Defendant Darin L. Varner. Based upon the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Defense counsel's motion to withdraw as counsel for Defendant Darin L. Varner is **granted** [Docket No. 40];
2. LARKIN, HOFFMAN, DALY & LINDGREN, LTD. are permitted to withdraw as counsel for Defendant Darin L. Varner, effective immediately;
3. By separate order, under seal, the Court shall order LARKIN, HOFFMAN, DALY & LINDGREN, LTD. to show cause why it should not be disqualified as attorneys of record for Defendant Factory Systems Engineering, Inc.

Dated: August 6, 2001

Arthur J. Boylan
United States Magistrate Judge

FILED AUG 06 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## MEMORANDUM

At the time this action was commenced Defendant Darin L. Varner ("Varner") was employed by Defendant Factory Systems Engineering, Inc. ("FSE"). FSE employed LARKIN, HOFFMAN, DALY & LINDGREN, LTD ("LHDL") as defense counsel. Subsequently, Varner asked LHDL to represent him as well. On or about June 15, 2001, Varner terminated his employment with FSE and then, by letter, discharged LHDL as his counsel. Now, LHDL seeks leave to withdraw as counsel of record for Varner.

This motion is not accompanied by a Substitution of Counsel and so; the Court will grant leave to withdraw only for good cause shown. LR 83.7. The Court concludes that, where a client terminates his attorney, good cause exists.

AJB